**John David PALMER,
Plaintiff-Appellant,**

v.

**CITY OF SAN ANTONIO, TEXAS, et al., Defendants-Appellees.**

**No. 86–2392
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1987.

Rehearing Denied March 25, 1987.

Arthur G. Guzman, San Antonio, Tex., for plaintiff-appellant.

Steven W. Arronge, Asst. Co. Atty., City of San Antonio, San Antonio, Tex., for defendants-appellees.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

In this action, John David Palmer (Palmer) appeals from the order of the district court dismissing his action under 42 U.S.C. § 1983. We affirm the district court's dismissal of the city of San Antonio but remand for consideration of Palmer's claim against defendant Williamson in his individual capacity.

## I.

A dismissal for failure to state a claim upon which relief may be granted cannot be upheld "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In reviewing such a dismissal, we must examine only the pleadings, accept the factual averments as true, and view them in the light most favorable to the plaintiff. *Rankin v. City of Wichita Falls, Texas,* 762 F.2d 444, 446 (5th Cir. 1985). We set out the facts of the case using these principles.

On July 17, 1983, Palmer was driving an automobile with a passenger in Converse, Texas, when officers Michael Williamson (Williamson) and Harold Bellamy (Bellamy) of the San Antonio police department attempted to stop Palmer's automobile for allegedly disrupting and endangering the neighborhood by squealing tire noise and speeding. Williamson and Bellamy were both off duty at the time in question. Williamson, dressed in a bathing suit and carrying a pistol, jumped into the street in front of Palmer's automobile. Ballamy remained off the street. When Palmer tried to get away, Williamson tried to grab him through the window of the automobile while pointing his pistol at him. As Palmer left the scene in his automobile, Williamson fired his pistol at Palmer and hit the left side of Palmer's automobile.

Palmer stopped his automobile about a mile later in order to inspect it. As he started to return to the scene to find out who had shot at him, a truck suddenly blocked his automobile. Apparently, Williamson had commandeered a truck to follow Palmer's automobile. With his gun drawn, Williamson then pulled Palmer from the automobile. Palmer was arrested by the city of Converse police and charged with public intoxication and assault with a motor vehicle. As Palmer was 16 years old he was tried in Juvenile Court. He was convicted of engaging in delinquent conduct, but that judgment was reversed on appeal.

Subsequently, Palmer filed a complaint in federal court under 42 U.S.C. § 1983 [1] against the city of San Antonio and police officers Williamson and Bellamy alleging a violation of his constitutional rights. The district court dismissed the complaint on the basis that Palmer had only sued the police officers in their official capacity and that Palmer had not alleged any policy or custom of the city of San Antonio that had caused him to be deprived of a federal or constitutional right. Palmer subsequently filed this appeal.

## II.

### A.

In his amended complaint, Palmer alleged that:

The Defendant police officers of the Defendant CITY OF SAN ANTONIO, TEXAS, engaged in the following practices, so common and well settled, of using unnecessary physical force when arresting persons, and of unauthorized and improper discharge of firearms; that the Defendant CITY OF SAN ANTONIO, TEXAS, knew or should have known of the conduct of their police officers, yet with deliberate indifference and gross negligence failed to provide proper training to its officers, and/or take disciplinary measures; and that the Defend-

---

1. Section 1983 provides:

Every person who under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this action any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. Section 1983 is not itself a jurisdictional statute but instead merely creates a cause of action. *Hanson v. Town of Flower Mound,* 679 F.2d 497, 504 n. 12 (5th Cir.1982).

ant CITY OF SAN ANTONIO, TEXAS, impliedly or tacitly authorized, approved or encouraged such conduct of its police officers.

In *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984) (en banc), we established a standard to govern the imposition of municipal liability:

A municipality is liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy.

Official policy is:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

More specifically, Palmer must identify "(1) a policy (2) of the city's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional right." *Grandstaff v. City of Borger, Texas*, 767 F.2d 161, 169 (5th Cir.1985). Similarly, an isolated incident is not sufficient to show that a custom exists. As we stated in *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir.1984) (en banc), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985): "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy." The Supreme Court has elaborated on

the causal requirement by holding that the connection must be more than de facto; the policy or custom must be "the moving force of the constitutional violation." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). *See also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 2433–34, 85 L.Ed.2d 791 (1985) (plurality opinion).

Palmer alleges that the actions of Williamson and Bellamy reflect a policy of inadequate training on the part of the city of San Antonio, that the city policy caused the police officers to violate his rights, and thus that the city is liable under section 1983. In *Grandstaff*, however, we noted that

[a]n "inadequate" training program alone is not ordinarily the moving force behind an injured plaintiff's harm, because the police officer who injures the plaintiff does not rely upon inadequate training as tacit approval of his conduct. It is not enough that the city could, but does not, reduce the risk of harm to the plaintiff.

767 F.2d at 169. If, however, the police officers know at the time they act that the use of excessive force when arresting persons will meet with the approval of city policymakers, then the causation requirement has been met. *Grandstaff*, 767 F.2d at 169.

We have also consistently required a section 1983 plaintiff to state specific facts and not merely conclusory allegations. *Elliot v. Perez*, 751 F.2d 1472, 1479 & n. 20 (5th Cir.1985) (citing cases). While it might be possible that a basis for municipal liability exists in this case, Palmer states no facts in his complaint to support his assertion that San Antonio authorized and approved the practice of its police officers using excessive force when making arrests or that such a well settled practice of doing so existed. Although Palmer has already amended his complaint once, the complaint still fails to meet the requirements of *Elliot*. As we have made clear, the assertion of a single incident is not sufficient to show

that a policy or custom exists on the part of a municipality. *Slidell,* 728 F.2d at 768 n. 3. Palmer failed to allege that there are prior incidents which, if taken as true, would reveal the existence of an unconstitutional custom on the part of San Antonio. Accordingly, we affirm the district court's order of dismissal with respect to the city of San Antonio.

### B.

■ After finding that Palmer failed to specify a policy or custom of San Antonio which would make the city liable under section 1983, the district court dismissed the complaint. Although admittedly Palmer's complaint was not as artfully drafted as it should have been, we believe that the district court erred in not also evaluating Palmer's complaint as a section 1983 action against Williamson and Bellamy individually.

Paragraph VII of Palmer's amended complaint states:

Each and all of the acts of the Defendants alleged herein were done by the Defendants, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, custom and usage of the State of Texas, the City of San Antonio, and the County of Bexar, and under the authority of their office as policemen of such city.

The district court interpreted this paragraph as alleging acts by the defendant officers in their official capacities as employees of the city of San Antonio only, thus requiring a specific allegation of a constitutionally deficient policy or custom of the city. It apparently reached this conclusion because paragraph VII of the complaint states that the acts were done "...

not as individuals ...". The difficulty with the district court's interpretation is that an examination of Palmer's complaint as a whole and other papers filed with the district court and this court indicate that Palmer's complaint could be read to allege an action against the officers individually in addition to alleging an action against the officers in their official capacities. *See also* note 2, *infra.*

In his memorandum in support of his motion to set aside the district court's dismissal order, Palmer appears to separately raise the question of the police officers' individual liability under section 1983 from the question of the city's liability. The case Palmer cites, *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), involved an individual's liability under section 1983 and not the question of a municipality's liability. Moreover, in his brief to this court, Palmer notes that he "alleges that [a]ppellees deprived him of a federal right by firing a pistol at [a]ppellant; pointing a pistol at [a]ppellant's head; and using unnecessary excessive force at the arrest of [a]ppellant." Palmer appears to be asserting that the individual police officers as well as the city of San Antonio are liable under section 1983.

Federal Rule of Civil Procedure 8(f) mandates that we construe complaints liberally "as to do substantial justice." *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1215–16 (1969). In light of this standard, we believe that the district court should have construed Palmer's complaint as asserting that both the individual officers and the city of San Antonio were liable under section 1983.[2] Thus, if the requirements of *Elliot* are met, we must remand the case so that the district court can consider Palmer's complaint

---

**2.** As further support for our view that the district court should have construed Palmer's complaint as asserting a cause of action against the officers in their individual capacity, we note that paragraph VII is subject to another interpretation. Palmer's allegations in paragraph VII can also be read as asserting that the defendant officers' acts were performed as individuals acting under color of state law (making

them actionable under section 1983) as distinguished from being performed as individuals not acting under color of state law (which would make them nonactionable under section 1983). So viewed, the complaint adequately alleges a cause of action against the officers in their individual capacity while acting under color of state law.

against the officers in their individual capacity.

With regard to defendant Williamson, Palmer has set forth specific facts which satisfy the requirements of *Elliot.* Paragraph VIII of his complaint sets out in detail the actions of Williamson which allegedly violated Palmer's constitutional rights.[3] Accordingly, the district court on remand must consider Palmer's action against Williamson in his individual capacity.[4]

The only mention of defendant Bellamy's actions, however, also occurs in Paragraph VIII of Palmer's complaint. Palmer merely asserts that Bellamy "attempted to stop plaintiff's automobile." The rest of the facts he sets out refer only to defendant Williamson. We do not feel this satisfies Palmer's burden to state specific facts under *Elliot.* Palmer states no facts in his complaint which indicate how Bellamy violated any of his rights. *Cf. Hanson v. Town of Flower Mound,* 679 F.2d 497, 504 (5th Cir.1982) (no allegation contained in complaint that car was stopped without probable cause; court properly dismissed section 1983 claim based on legality of search since "pleader must allege facts, not legal conclusions.") Consequently, the district court on remand can dismiss Palmer's section 1983 action against Bellamy in his individual capacity.

### III.

We AFFIRM the district court's order of dismissal with respect to the city of San Antonio; we REVERSE the district court's order of dismissal with respect to officers Williamson and Bellamy; and we REMAND the case to the district court so the court can consider Palmer's complaint against Williamson and Bellamy in their individual capacities consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

---

**3.** Paragraph VIII of Palmer's amended complaint states:

On July 17, 1983, at approximately 5:30 p.m., the Plaintiff was driving his automobile in the City of Converse, County of Bexar, State of Texas, when suddenly the Defendants HAROLD R. BELLAMY and MICHAEL E. WILLIAMSON attempted to stop Plaintiff's automobile. Defendant WILLIAMSON discharged a firearm at Plaintiff, with the bullet hitting the left side of Plaintiff's automobile. Defendant WILLIAMSON followed the Plaintiff and subsequently stopped the Plaintiff's automobile. While pointing his firearm at Plaintiff, Defendant WILLIAMSON pulled the Plaintiff from his automobile. The Defendant WILLIAMSON used unnecessary physical force on the Plaintiff; such force which far exceeded that which was reasonable and necessary under the circumstances, and which resulted in the deprivation of Plaintiff's liberty without due process of law. The Plaintiff was arrested by the Converse City Police and subsequently charged with assault with a motor vehicle and public intoxication.

**4.** We express no opinion on the merits of Palmer's section 1983 claim.