George **RENFRO** d/b/a Jiba
Farm, Plaintiff,

v.

**CITY OF KAUFMAN, et al., Defendants.**

No. Civ.A. 3:97–CV–1328G.

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 13, 1998.

Cathy Jean Adams, Law Office of Cathy. J. Adams, Kaufman, TX, for Plaintiff.

Darrell Gerard-Marc Noga, Matthew R. Scott, Cooper & Scully, P.C., Dallas, TX, for Defendants.

### *MEMORANDUM ORDER*

FISH, District Judge.

Before the court are the motions of the defendants City of Kaufman ("Kaufman"), Jess Murrell ("Murrell"),[1] and Terry Letz ("Letz")[2] (collectively, "defendants")[3] to dismiss the plaintiff's complaint under FED. R.CIV.P. 12(b)(6). For the reasons set forth below, the motions are granted.

### I. *BACKGROUND*

On June 4, 1997, the plaintiff George Renfro d/b/a/ Jiba Farm ("Renfro") brought this 42 U.S.C. § 1983 action, alleging that the defendants violated his constitutional rights[4] by engaging in certain tactics[5] to prevent him from selling produce on his land and constructing a structure, out of which he

---

**1.** Murrell was the mayor of Kaufman during the time at issue. Complaint at 1, 3.

**2.** Letz was the building inspector of Kaufman during the time at issue. Complaint at 1, 3.

**3.** The defendant Robert Woodard has already been dismissed without prejudice and Archie Blanton III with prejudice. Plaintiff's Response to Defendants' Murrell and Letz' [sic] Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support Thereof at 1.

**4.** Renfro asserts that the defendants violated his (1) Fifth and Fourteenth Amendment rights, (2) right to equal protection, (3) right to life, liberty, and the pursuit of happiness, and (4) right to engage in lawful commerce. Complaint ¶ 7.26.

**5.** Specifically, Renfro claims that the defendants have not granted or have revoked various permits and a variance, which are necessary for him to conduct his business and to finish construction on the structure. Complaint ¶¶ 7.01–7.25.

plans to sell produce. Plaintiff's Original Complaint and Jury Demand; Plaintiff's First Amended Original Complaint ("Complaint") ¶¶ 7.01–8.01. On October 20, 1997, the defendants filed their motions to dismiss. Defendants Murrell and Letz' [sic] Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support Thereof ("Murrell and Letz Motion"); Certain Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Cause of Action and Brief in Support Thereof ("Motion").

## II. ANALYSIS

### A. Standard for Dismissal Under Rule 12(b)(6)

FED.R.CIV.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (quoting CHARLES A. WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). Granting such a motion "is a 'precarious disposition with a high mortality rate.'" *Id.* (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir.1967)).

In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir.1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir.1991).

### B. Murrell and Letz

■ Murrell and Letz argue that Renfro named them as defendants in their official capacity only, and therefore they should be dismissed from Renfro's suit. Murrell and Letz Motion at 2. Official capacity suits are another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Because Renfro named Murrell and Letz in their official capacities only, *see* Complaint at 1, Renfro's claims against Murrell and Letz are duplicative of the claims against Kaufman and are thus properly dismissed.

### C. Kaufman

Kaufman contends that Renfro has not alleged the existence of a policy giving rise to his injuries. Motion at 6–9. To state a valid claim against Kaufman under § 1983, Renfro must identify "(1) a policy (2) of [Kaufman's] policymaker (3) that caused (4)[him] to be subjected to a deprivation of constitutional right." *Palmer v. City of San Antonio, Texas*, 810 F.2d 514, 516 (5th Cir.1987) (quoting *Grandstaff v. City of Borger, Texas*, 767 F.2d 161, 169 (5th Cir.1985), *cert. denied*, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987)).

■ A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights; a city cannot be liable under § 1983, however, merely because it employed a tortfeasor. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir.1995). According to the Supreme Court, "[t]he 'official policy' requirement ... make[s][it] clear that municipal liability [under § 1983] is limited to action for which the municipality is actually responsible ...—that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). The policy or custom must be "the moving force of the constitutional violation." *Palmer*, 810 F.2d at .516 (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018).

A single incident unaccompanied by supporting history will likely be an inadequate basis for inferring such a custom or usage unless the actor or actors involved had been given official policy-making authority. *Worsham v. City of Pasadena,* 881 F.2d 1336, 1339–40 (5th Cir.1989) (citations omitted); see also *Palmer,* 810 F.2d at 516. " '[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (quoting *Pembaur,* 475 U.S. at 483–84, 106 S.Ct. 1292).

The Fifth Circuit defines official policy as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.) (per curiam), *aff'd in relevant part on rehearing,* 739 F.2d 993 (5th Cir.1984) (en banc); *Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir.1992) (citing *Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir.1984) (en

banc), *cert. denied,* 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985)).

Renfro has not alleged facts indicating a policy statement, ordinance, regulation, decision, or custom of Kaufman, which deprived him of his constitutional rights. If all the facts pled in the complaint are true, an assumption the court is bound to indulge on this motion, Renfro has alleged at most the existence of a single, aberrant, episode in which the defendants violated his rights. *See* Complaint ¶¶ 7.01–7.26. Consequently, Renfro has failed to state a § 1983 claim upon which relief can be granted.[6]

### III. CONCLUSION

Because Renfro has failed to state a claim upon which relief can be granted, the defendants' motions to dismiss the complaint are **GRANTED.**

**SO ORDERED.**

---

**6.** Although Renfro has not pled a 42 U.S.C. § 1985 conspiracy claim, it appears that he has attempted to allege such a claim. *See* Complaint ¶ 6.01. However, Renfro only makes bald allegations of a conspiracy, and therefore the claim is properly dismissed. See *Young v. Biggers,* 938 F.2d 565, 569 (5th Cir.1991); *Lynch v. Cannatella,* 810 F.2d 1363, 1369–70 (5th Cir.1987); *Burnett v. Short,* 441 F.2d 405, 406 (5th Cir.1971).

In addition, although Renfro has not pled state claims, he avers "Pendant jurisdiction is also invoked to the extent that any of the claims stated herein may be found to be properly enforceable under state rather than federal law." *See* Complaint ¶ 2.01. To the extent Renfro requests this court to plead state causes of action on his behalf, the court declines to do so.