**Kelso and Mary RANKIN, Individually, and Kelso Rankin as Administrator of the Estate of Patrick B. Rankin, Deceased, Plaintiffs-Appellants,**

v.

**CITY OF WICHITA FALLS, TEXAS, and Donald W. Vanador, Virgil Howerton, Charles Wilson, Ricky Blair, and Other Unknown Employees of the City of Wichita Falls, Texas., Defendants-Appellees.**

No. 84–1605.

United States Court of Appeals, Fifth Circuit.

June 10, 1985.

Anderson & Rodriguez, Hank Anderson, Wichita Falls, Tex., for plaintiffs-appellants.

Fillmore, Purtle & Spurgers, Glynn Purtle, Wichita Falls, Tex., for defendants-appellees.

Before CLARK, Chief Judge, GAR-WOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This section 1983 case is an appeal from a dismissal for failure to state a claim upon which relief may be granted under Fed.R. Civ.P. 12(b)(6). Plaintiffs brought suit for damages under section 1983 and the due process clause for the death of their son, Patrick, which they ascribe to the gross negligence of the defendants in the operation of the waste treatment plant at which Patrick worked. Because we find that the complaint fails to allege the sort of abuse of government power necessary to raise a tort claim to constitutional status, we affirm the district court's dismissal.

I

 The standard of review of a dismissal for failure to state a claim upon which relief may be granted is well established. We must accept all well pleaded averments as true and view them in the light most favorable to the plaintiff. We will not go outside the pleadings and we cannot uphold the dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Cook & Nichol, Inc. v. Plimsoll Club,* 451 F.2d 505, 506 (5th Cir. 1971).

II

The facts of this case present the story of an heroic deed with a very sad ending. According to the complaint, Patrick was working on a waste treatment tank in the City of Wichita Falls (City) municipal treatment plant when a co-worker lost her balance on the narrow ledge of the tank; Patrick rushed to her aid, but lost his balance, fell into the tank and drowned. The Ran-

kins allege that their son, Patrick, drowned in the City municipal waste treatment plant as a result of design defects in the plant and the failure of the individual defendants, who are managerial personnel, to supervise Patrick or warn him of the danger in which he worked. Patrick did not know how to swim, a fact, it is alleged, the defendants knew.[1]

The Rankins allege various defects in the design of the plant: the tank ledges were too narrow, the walkways were also narrow and without guardrails, there were no overhead cables to which safety lines could be attached, and there were no ropes or ladders or other means of easy escape from the tanks. The Rankins also allege that Patrick was either encouraged or allowed to wear large rubber boots which filled with sewage after he fell into the tank, thus impeding his ability to swim and contributing to his death.

In addition to the above workplace design defects, the Rankins allege that the defendants failed to warn Patrick of the dangers to which he was exposed, failed to take preventive measures such as issuing life jackets to the workers, and failed to supervise Patrick although the defendants knew or should have known that Patrick could not swim. The complaint further asserts that workers had often fallen into the tanks on prior occasions, thus making the danger obvious to the defendants. The Rankins also state that one of the defendants, Don Vanadore, had been asked to provide workers at the plant with safety equipment to prevent drownings, but that he had not done so.

Finally, the Rankins allege that the official misconduct was under color of state law and pursuant to customs and practices of the City of Wichita Falls. The various safety deficiencies in the plant are alleged to have violated the standards of 29 C.F.R. § 1910.23 and the city's own safety regulations.

---

1. The complaint also alleges that at the time of the accident Patrick was an employee of, and was controlled by Nortex Planning Commission, not the City of Wichita Falls. The Nortex Planning Commission is a public agency that re-

ceived funds from the federal CETA program used to pay Patrick's wages; Patrick worked at the Wichita Falls treatment plant pursuant to an agreement between Nortex and the City.

On the above allegations, the Rankins contend their son was deprived of his rights under the due process clause of the fifth and fourteenth amendments in that the defendants' allegedly grossly negligent conduct resulted in the loss of their son's life without due process of law. The Rankins append various state law claims to their claims under the federal Constitution.

In response to the Rankins' complaint, the defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted. The defendants contend that the Rankins' sole and exclusive remedy is workers' compensation which they are now receiving. 29 U.S.C. § 653(b)(4); *Byrd v. Fieldcrest,* 496 F.2d 1323 (4th Cir.1974).[2] The Rankins contend that this statute is inapposite because Patrick was not an employee of the City of Wichita Falls at the time of the accident.[3]

### III

Because the complaint in this case fails to allege the abuse of government power necessary to support a constitutional claim under section 1983, we affirm the district court's dismissal for failure to state a claim upon which relief may be granted.

■ One does not state a constitutional claim under section 1983 merely by alleging extraordinary negligence; one must allege "the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the statute of a violation of the Constitution." *Hull v. City of Duncanville,* 678 F.2d 582, 584 (5th Cir.1982) (quoting *Williams v. Kelley,* 624 F.2d 695, 697 (5th Cir.1980)). "The complaint must allege state conduct which is 'sufficiently egregious as to be constitutionally' tortious." *Id.* The degree of negligence necessary to support a constitutional tort claim under section 1983 has not yet

been determined by this court or the Supreme Court. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Languirand v. Hayden,* 717 F.2d 220, 227 (5th Cir.1983). However, for the purposes of this appeal we will assume that the complaint alleges conduct sufficiently careless to meet whatever standard of aggravated negligence is necessary to state a constitutional claim under section 1983.

Even assuming that the complaint here alleges the level of negligence necessary to make out a constitutional tort claim, the plaintiffs have made out at most the abuse of power of which any private employer might be guilty, not the abuse of any peculiar authority or obligation held by the government. As the Court noted in *Parratt:*

> To accept respondent's argument that the conduct of state officials in this case constituted a violation of the Fourteenth Amendment would almost necessarily result in turning every alleged injury which may have been inflicted by a state official acting under 'color of law' into a violation of the Fourteenth Amendment cognizable under § 1983.... Such reasoning 'would make the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the states.' ... We do not think that the drafters of the Fourteenth Amendment intended the amendment to play such a role in our society.

451 U.S. at 544, 101 S.Ct. at 1917.

■ While some degree of government "fault" is necessary to state a claim under the Constitution, to predicate liability under section 1983 totally on the mere degree of fault would be to convert the due process clause into an ordinary tort statute and to lose sight of the fact that section 1983 is

---

2. The worker's compensation plan, proceeds of which the Rankins are apparently now receiving, may in itself be a sufficient state remedy to bar this action under *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Because we decide this case on other grounds, we do not reach this issue.

3. The defendants do not plead qualified immunity to suit under section 1983. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Accordingly, we do not consider whether this action could be barred, at least in part, by qualified immunity.

directed at the abuse of power made possible only because the wrongdoer is clothed in the authority of state law.

In the context of our present discussion, *Parratt* did but reaffirm the Court's prior interpretation of section 1983; previously, in rejecting the section 1983 claims at issue in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Court cautioned:

> [Plaintiff] apparently believes that the Fourteenth Amendment's Due Process Clause should *ex proprio vigore* extend to him a right to be free of injury wherever the State may be characterized as the tortfeasor.... We have noted the "constitutional shoals" that confront any attempt to derive from congressional civil rights statutes a body of general federal tort law, *Griffin v. Breckenridge*, 403 U.S. 88, 101–102 [91 S.Ct. 1790, 1797–1798, 29 L.Ed.2d 338] (1971); *a fortiori*, the procedural guarantees of the Due Process Clause cannot be the source for such law.

*Paul*, 96 S.Ct. at 1155.

■ *Paul* rejected the notion that "the Due Process Clause of the Fourteenth Amendment and § 1983 make actionable many wrongs which had heretofore been thought to give rise only to state-law tort claims." *Id.* at 1159. In words that cogently express the essence of our holding today, Justice Brennan, dissenting from the result of *Paul*, nevertheless concurred that: "section 1983 focuses on '[m]isuse' of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *Paul*, 96 S.Ct. at 1168 (dissenting opinion of Brennan, J.).

■ *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), again reminds us that section 1983 creates a distinct species of tort liability, not to be absorbed into ordinary common law principles. The *Baker* plaintiff argued that the due process clause imposed a requirement of "due diligence" on an arresting officer. The Court swept this contention aside:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. 97, 106, [96 S.Ct. 285, 292, 50 L.Ed.2d 251] (1976), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.

*Baker*, 99 S.Ct. at 2695.

■ Finally, that section 1983 liability depends on more than a failure to exercise the requisite duty of care is evidenced by the fact that "[s]ection 1983, unlike its criminal counterpart, 18 U.S.C. § 242, has never been found by ... [the Supreme] Court to contain a state-of-mind requirement." *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Accordingly, precedent indicates that for a complaint to state a constitutional claim under section 1983, the plaintiffs must at least make allegations sufficient to permit them to prove the abuse of a special authority or obligation of government. We do not hold that allegations of abuse of government power and a sufficiently high degree of negligence are enough to state a claim under section 1983; in many cases there may be additional requirements. However, allegations of both the abuse of government power and failure of care are certainly necessary components in any constitutional tort claim under section 1983.[4]

---

4. Modern negligence principles are to a large extent designed to place liability on the party who is the cheapest cost avoider or cheapest insurer; these principles often diverge from those underlying a section 1983 action, which focuses on the abuse of state coercive power.

Accordingly, it would be unwise to link section 1983 liability too closely to negligence theories.

This divergence of ordinary tort policies from the special species of tort policies relevant to section 1983 undoubtedly underlies much of the judicial reluctance to conflate section 1983 lia-

## IV

Because Patrick Rankin's employment relationship with the City of Wichita Falls placed him in no more restraint than would have been entailed in an ordinary private employment relationship, and because the existence of the alleged workplace defects here did not amount to a misuse of government power, we hold that the complaint does not state a claim upon which relief may be granted.

The City acted in this case in a role essentially indistinguishable from the role of a private employer; accordingly, we cannot view the City's failure to redress the patent but possibly severe defects in Patrick's workplace as an abuse of government power. Patrick's association with the treatment plant is not alleged to have been any less voluntary than his relationship with a private employer would have been. This is not a case in which the government has exercised its power to incarcerate a citizen thereby making him dependent on the care of the state, nor are state representatives alleged to have violated the special obligation of government to refrain from intentional violations of constitutional rights. *See Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). Patrick was not coerced to perform his tasks at the plant, nor was his attempt to rescue his co-worker controlled by factors which may accurately be attributed to a misuse of power made possible only because the City is clothed with authority of state law.

## V

We hold that the complaint here does not contain allegations sufficient to make out a claim of the sort of abuse of government power necessary to elevate an ordinary tort claim to constitutional status. Accordingly, we affirm the district court's dismissal of the complaint for failure to state a claim upon which relief may be granted.

AFFIRMED.

bility with ordinary tort liability predicated on the gross negligence of the state. *See Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Block v. Rutherford,* —— U.S. ——, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984).