**Kenneth HOGAN, Plaintiff-Appellant,**

v.

**CITY OF HOUSTON, A Municipal Corporation, et al., Defendants-Appellees.**

No. 86–2783

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 22, 1987.

Albert S. Low, Jr., Michael A. Maness, Houston, Tex., for plaintiff-appellant.

Richard L. Anderson, City Atty., James K. Gardner, Sr. Asst. City Atty., Houston, Tex., for defendants-appellees.

Before GEE, RUBIN and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Kenneth Hogan appeals the dismissal of his complaint for failure to state a claim upon which relief can be granted.[1] We hold that the district court properly dismissed the complaint and affirm.

Before we examine the facts presented here, we note our standard of review of a district court order dismissing a claim under Fed.R.Civ.P. 12(b)(6): we consider only the pleadings and accept them as true, viewing them in the light most favorable to Hogan. Furthermore, we must reverse "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See Palmer v. City of San Antonio*, 810 F.2d 514, 515 (5th Cir.1987).

In his complaint, Kenneth Hogan alleges that certain policies of the City of Houston (the City) regulating procedures in the prisoner intake facility, allowed a prisoner to grab another officer's gun and shoot Hogan with it. According to the complaint, the City's policies "manifest deliberate indifference to or conscious disregard" for the safety of its officers and establishes "gross negligence and recklessness" on the part of the City and Chief of Police Lee Brown.

---

1. The district court entered its opinion and order dismissing Hogan's action on September 16, 1986. At that time Hogan had pending a motion to file his third amended complaint on the ground that the second amended complaint contained several typographical errors. By order dated September 17, the district court granted Hogan's motion to file a third amended complaint and dismissed that complaint for the reasons set out in the September 16 opinion. Accordingly, our reference to the complaint in this opinion refers to the third amended complaint.

The complaint therefore attempts to allege the degree of negligence necessary to state a section 1983 cause of action. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). As we held in *Rankin v. City of Wichita Falls,* 762 F.2d 444, 447 (5th Cir.1985), however, more is required: "one must allege 'the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the stature of a violation of the Constitution.'" *Id.* (quoting *Hull v. City of Duncanville,* 678 F.2d 582, 584 (5th Cir.1982)). Hogan's complaint[2] does not meet this standard as there is no such allegation in it nor could there be under the facts as stated. This case is therefore controlled by our opinion in *Rankin* in which we held that "the City's failure to redress the patent but possibly severe defects in [the plaintiff's] workplace [cannot be viewed] as an abuse of government power." *Id.* at 449. Accordingly, the district court properly dismissed Hogan's complaint for failure to state a claim upon which relief may be granted.

AFFIRMED.

---

**2.** Initially we note that Hogan's third amended complaint does not specifically allege the violation of any constitutional right. We assume, however, based on Hogan's second amended complaint and our reading of the third amended complaint that an alleged fourteenth amendment violation underlies this cause of action. In other words, Hogan alleges that he was deprived of a property or liberty interest without due process of law in the shooting incident.