UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20118
Summary Calendar
_____


JOANNE S. WATTERS,

Plaintiff-Appellant,

versus

MONTGOMERY COUNTY EMERGENCY COMMUNICATION DISTRICT;
MARY LADORE MABBITT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-2916)
_____
(October 13, 1997)

Before JONES, DeMOSS, AND PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Joanne S. Watters appeals the district court's dismissal of her claims under the Americans With Disabilities Act and the state law claim for intentional infliction of emotional distress for failure to state a claim upon which relief can be granted. Finding no error in the judgment, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**BACKGROUND**

According to her Second Amended Original Complaint, Watters and appellee Mary LaDore Mabbitt were employed by appellee Montgomery County Emergency Communication District ("MCECD") as a telecommunicator and coordinator in Conroe, Texas. Watters claims that on the job, she was continually subject to improper and unwanted actions and comments regarding her weight by employees of MCECD. "Specifically, [appellee] Mary Mabbitt made comments about [appellant's] weight and her eating habits, consistently pointed out [appellant] as an example of obesity, harassed [appellant] about her manner of dress and physical appearance, and pressured [her] and other employees to participate in an involuntary 'weigh-in.'" Second Amended Original Complaint at 2.

**DISCUSSION**

We review *de novo* a district court's dismissal of a plaintiff's claim for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). *See Rolf v. City of San Antonio,* 77 F.3d 823, 827 (5th Cir. 1997) (relying on *Blackburn v. City of Marshall, Tex.,* 42 F.3d 925 (5th Cir. 1995)). "Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of the claim(s) warranting relief." *Id.* (relying on *Rankin v. City of Wichita Falls, Tex.,* 762 F.2d 444 (5th Cir. 1985)).

**1. ADA CLAIM**

Watters filed suit claiming that the appellees had discriminated against her in violation of the ADA. The ADA

2

prohibits an employer from discriminating against an employee on the basis of the employee's disability. *See Bridges v. City of Bossier,* 92 F.3d 329, 332 (5th Cir. 1996) (citing 42 U.S.C. § 12112), *cert. denied,* ___ U.S. ___, 117 S.Ct. 770 (1997). Watters alleges that she has been discriminated against because she is perceived as having the disability of obesity.

"[E]xcept in rare circumstances, obesity is not considered a disabling impairment." 29 C.F.R. pt. 1630 app. § 1630.2(j). Even if an employer's perception of an employee as being obese might under certain circumstances qualify as an impairment under the ADA, a physical impairment, standing alone, is not necessarily a disability protected by the ADA. *See Ellison v. Software Spectrum, Inc.,* 85 F.3d 187, 191 n.3 (5th Cir. 1996) (quoting *Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 726 (5th Cir. 1995)).

Watters claims that the appellees discriminated against her based on the statutory definition of a disability as being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities. *See* 42 U.S.C. § 12102(2)(C); *see also Bridges,* 92 F.3d at 332 (interpreting 42 U.S.C. § 12102(2)(C)).

> One is regarded as having a substantially limiting impairment [pursuant to 42 U.S.C. § 12102(2)(C)] if the individual (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

*See id.* (relying on *Dutcher,* 53 F.3d at 727-28 n.19).

We assume -- although she does not expressly state -- that Watters complains of being regarded as substantially limited in the major life activity of working. *See* 29 C.F.R. § 1630.2(I) (including working as a major life activity under the ADA). An employer regards an employee as substantially limited in her ability to perform the major life activity of working by "'finding the employee's impairment to foreclose generally the type of employment involved.'" *Ellison,* 85 F.3d at 192 (quoting *Forrisi v. Bowen,* 794 F.2d 931, 935, (4th Cir. 1986)). "[I]n order for an employer to have regarded an impairment as substantially limiting in the activity of working, the employer must regard an individual as significantly restricted in the ability to perform a class or a broad range of jobs." *Burch v. Coca-Cola Co.,* --- F.3d ---, ---, 1997 WL 425943, *15 (5th Cir. 1997) (relying on *Bridges,* 92 F.3d at 332)).

In her Second Amended Original Complaint, Watters claims that she was perceived "to be disabled because of her weight" and that her weight was perceived as severely restricting her "ability to perform various job related tasks." Based on the pleadings, there is no indication that the appellees found Watters' weight to foreclose her type of employment or that their alleged perception of her obesity restricted her ability to perform a class or a broad range of jobs. We agree with the district court's conclusion that Watters has failed to state a claim under the ADA for being discriminated against for having a perceived disability.

4

## 2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

Under Texas law, to prevail on a claim for intentional infliction of emotional distress, the claimant is required to prove that "(1) the defendant acted intentionally or recklessly, (2) the conduct was extreme or outrageous, (3) the actions of the defendant caused the plaintiff's emotional distress, and (4) the emotional distress suffered by the plaintiff was severe." *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex. 1993). Liability for intentional infliction of emotional distress is to be found "'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Restatement (Second) of torts* § 46 cmt. d (1965)). Liability "'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Johnson v. Merrell Dow Pharmaceuticals, Inc.,* 965 F.2d 31, 33 (5th Cir. 1992)(quoting *Restatement (Second) of Torts* § 46).

Although we may agree with Watters that the complained of conduct -- repeated comments about her weight, changes in her responsibilities on the job, and being compelled to participate in a mandatory "weigh-in" -- could be considered to be rude and insensitive, we must also agree with the district court that this behavior does not rise to the level of outrageous conduct needed to support an intentional infliction of emotional distress claim under Texas law. *See Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex.

5

1993) ("'It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.'" (quoting *Restatement (Second) of Torts* § 46, cmt. h)).

**CONCLUSION**

For the foregoing reasons, the judgment of the district court dismissing Watters claims pursuant to Fed. R. Civ. P. 12(b)(6) is affirmed.  <u>AFFIRMED</u>.