**Marie M. GREENE, Plaintiff,**

v.

**PLANO I.S.D., Doug Otto, Superintendent, Defendant.**

Case No. 4:02–CV–118.

United States District Court, E.D. Texas, Sherman Division.

Aug. 16, 2002.

---

## MEMORANDUM OPINION

DAVIS, District Judge.

Plaintiff Marie M. Greene ("Greene"), individually and on behalf of others similarly situated, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 against her employer, Plano Independent School District ("PISD"), and PISD's superintendent, Doug Otto ("Otto"), alleging that PISD and Otto violated her substantive due process rights under the Fourteenth Amendment to the United States Constitution by allowing her workplace to become contaminated with toxic mold resulting in her and others sustaining personal injuries. Defendants have filed a Motion to Dismiss for Plaintiff's Failure to State a Claim.[1] For the reasons discussed below, the court grants Defendants' motion.

### GREENE'S ALLEGATIONS

In her complaint, Greene alleges, on behalf of herself and as a representative of a putative class, that a PISD school, the Plano Senior High School ("PSHS"), was constructed in such a manner that resulted in "water leaking for years into the building's walls, ceilings and carpeting." She contends that as a result of this water leakage, toxic mold formed in various locations within PSHS, and that she suffered personal injuries as a result of her exposure to the toxic mold.

According to Greene, PISD and Otto knew, or reasonably should have known, of the mold infestation at PSHS caused by the poor architectural design of PSHS and the poor maintenance and lack of recycling or disposing of older books or documents. Greene alleges that despite this knowledge, PISD and Otto failed to adequately

Steven Richard Dunn, Dunn, Raney & Schmidt, Dallas, TX, for Plaintiff.

Richard Mercer Abernathy, Abernathy, Roeder, Boyd & Joplin, McKinney, TX, for Defendant.

1. This case was originally filed in the United States District Court for the Northern District of Texas, but was transferred to the Eastern District on April 16, 2002. Defendants had filed a motion to dismiss in the Northern District and have re-urged that motion in the Eastern District pursuant to Local Rule CV7(i).

warn its employees and students of the danger and failed to take adequate remedial measures to eliminate the danger increasing her risk of harm and rendering her more vulnerable to danger. Further, Greene asserts that PISD and Otto's failure to institute remedial measures became the official custom, policy and procedure of PISD and that PISD and Otto acted with deliberate indifference to the constitutional rights of its employees.

Greene brings this action under 42 U.S.C. §§ 1983 & 1985. She asserts that PISD and Otto had an affirmative duty to care for and protect its employees and that the actions referred to above violated "her right to be free from state occasioned damage to a person's bodily integrity as protected by the substantive Due Process clause under the Fourteenth Amendment to the United States Constitution."

## DEFENDANTS' MOTION TO DISMISS AND GREENE'S RESPONSE

In their motion, Defendants argue that Greene has failed to state a claim on which relief can be granted, and therefore, dismissal of Greene's suit is appropriate pursuant to Rule 12b(6) of the Federal Rules of Civil Procedure. Defendants contend that Greene is complaining that Defendants failed to provide her with a reasonably safe/healthy work environment and that the Due Process Clause does not guarantee a Greene a right to a safe working environment or a workplace that is free from unreasonable risks of harm.

In response, Greene contends that her claim is not based on allegations of an unsafe work place. Rather, according to Greene, she claims that Defendants are liable for injuries under the "state created danger" theory of liability, which has recently been adopted by the Fifth Circuit in *McClendon v. City of Columbia*, 258 F.3d 432 (5th Cir.2001).

## STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to rule 12(b)(6), the plaintiff's complaint must be liberally construed in favor of the plaintiff, and all of the facts pleaded in the complaint must be taken as true. *Brown v. Nationsbank, Corp.*, 188 F.3d 579, 585 (5th Cir.1999). A district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Fifth Circuit has summarized the standard of review under rule 12(b)(6) as follows: " 'The question therefore is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.' " *Brown*, 188 F.3d at 586 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969)).

## ANALYSIS

*Section 1983 claim*

■ "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir.1995). The court's first inquiry, therefore, is whether Greene has alleged a violation of a constitutional right at all. *Id.*

*Unsafe Work Place Theory*

■ If Greene was contending that Defendants' alleged failure to provide a safe/healthy work environment is a violation of the substantive component of the Due Process Clause, dismissal for failure to state a

claim will be appropriate. *Collins v. City of Harker Heights,* 503 U.S. 115, 126, 112 S.Ct. 1061, 1069, 117 L.Ed.2d 261 (1992) ("Neither the text nor the history of the Due Process Clause supports petitioner's claim that the government employer's duty to provide its employees with a safe working environment is a substantive component of the Due Process Clause."); *see Lewellen v. Metropolitan Gov't of Nashville and Davidson County,* 34 F.3d 345, 349 (6th Cir.1994); *Rankin v. City of Wichita Falls,* 762 F.2d 444, 448–49 (5th Cir.1985). As noted above, however, Greene does not base her claim on an unsafe work place theory. Instead, she relies on the state created danger theory to establish Defendants' liability for her injuries.

*State Created Danger Theory*

■ Generally, state and local governments are under no affirmative duty to protect individuals from the acts of private citizens. *McClendon,* 258 F.3d at 436. In certain limited circumstances, however, " 'the Constitution imposes upon the State affirmative duties of care and protection with respect to certain individuals.' " *Id.* (quoting *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 196–97, 109 S.Ct. 998, 1004, 103 L.Ed.2d 249 S.Ed.2d (1989)) One such limited circumstance occurs when the state places an individual in a dangerous situation that leads to private acts of violence committed by a third party. *Id.* at 435–36; *see Johnson v. Dallas Independent School Dist.,* 38 F.3d 198, 199 (5th Cir.1994) ("[T]he environment created by the state actors must be dangerous; they must know it is dangerous; and, to be liable, they must have used their authority to create an opportunity that would not otherwise have existed for the third party's crime to occur."); *Leffall v. Dallas Independent School Dist.,* 28 F.3d 521, 530 (5th Cir.1994) ("If the state puts a man in position of danger from private persons and then fails to protect him, it will not be heard to say that its role was merely passive . . ."). This exception to the general rule has come to be known as the state created danger theory of liability. In *McClendon,* the Fifth Circuit noted that in previous cases it had recognized the existence of this theory without expressly adopting it. *Id.* at 436. The court went on the adopt the state created danger theory as a viable basis for liability under § 1983 in the Fifth Circuit. *Id.*

■ Greene contends that her claim is viable under the state created danger theory because Defendants created and exacerbated the risk of harm from toxic mold through its customs, practices, policies and procedures. More specifically, Greene asserts that Defendants "designed and constructed the school at issue, or entered into contracts with third parties to design and build the physical structures, it or its contractual third parties built the school in a manner such that the growth and proliferation of mold was inevitable, and when it discovered the presence of toxic mold, it did not take the necessary remedial measures to eliminate this dangerous condition, instead waiting cavalierly for a day in the future when it could obtain bond money to make improvements."

Even assuming Greene's allegations are true, the court concludes that she has failed to allege facts that support a claim under the state created danger theory. The Fifth Circuit has only recognized the state created danger theory of liability in situations where the state has created or increased an individual's danger from third persons. *See, e.g., McClendon,* 258 F.3d at 437–38 (police officer provided weapon to confidential informant which informant used to shoot plaintiff); *Piotrowski v. City*

*of Houston,* 51 F.3d 512, 514 (5th Cir.1995) (police officers failed to warn plaintiff of a third party's plot to murder her); *Johnson,* 38 F.3d at 199 (student killed by stray bullet shot during a melee instigated by a non-student); *Leffall,* 28 F.3d at 523 (teenager shot and killed by random gun fire in the parking lot of a public high school after a school dance). This court declines to expand this theory to encompass situations where state actors have allegedly created or increased the risk of harm from a condition on state property. *See Pope v. Trotwood–Madison City School District Board of Education, et al.,* 162 F.Supp.2d 803, 811–12 (S.D.Ohio 2000) (dismissing plaintiff's § 1983 claim concerning manner in which basketball coach conducted tryout because state created danger theory does not apply when harm is inflicted by defendant state actor rather than third party). If the state created danger theory were interpreted in the manner Greene urges, the theory would apply in almost every instance where an individual is injured due to the negligence of a state actor. Certainly, such application of the doctrine would run afoul of the Supreme Court's admonition that the Fourteenth Amendment "is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States ...' " *County of Sacramento v. Lewis,* 523 U.S. 833, 848, 118 S.Ct. 1708, 1718, 140 L.Ed.2d 1043 (1998).

Although Greene uses the term "deliberate indifference" in her complaint, her allegations really amount to no more than a contention that Defendants were, at most, grossly negligent in the handling of the toxic mold situation. *Lewellen,* 34 F.3d at 349 (In 12(b)(6) context, court must look to facts alleged to establish § 1983 claim, rather than labels used to describe those facts). Gross negligence of the type arguably alleged here does not rise to the level of deliberate misconduct sufficient to es-

tablish a violation of substantive due process. *See County of Sacramento,* 523 U.S. at 848–49, 118 S.Ct. at 1717–18; *Collins,* 503 U.S. at 128–29, 112 S.Ct. at 1070–71; *Lewellen,* 34 F.3d at 351. While Greene may have stated a claim sounding in state tort law, " 'there is a significant distinction between a tort and a *constitutional wrong.*' " *Leffall,* 28 F.3d at 532 (emphasis in original). The "Due Process Clause 'does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society.' " *Collins,* 503 U.S. at 128, 112 S.Ct. at 1070. Further, "state law, rather than the Federal Constitution, generally governs the substance of the employment relationship." *Id.* at 128, 112 S.Ct. at 1070. Accordingly, because the state created danger theory is inapplicable and because the facts alleged in Greene's complaint do not rise to the level of a constitutional violation, the court concludes that Greene has failed to state a claim under § 1983.

*Section 1985 Claim*

With regard to Greene's § 1985 claim, this section applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, individually discriminatory animus ..." *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Greene has made no such allegations here and as such has failed to state a claim under § 1985.

### CONCLUSION

Because Greene has failed to state a claim under either § 1983 or § 1985, Defendants' motion to dismiss is **GRANTED** and Greene's suit is **DISMISSED.**