United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30957
Summary Calendar

_____

BRIJ M. JANMEJA,

Plaintiff/Appellant,

versus

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE;
WILLIAM JENKINS, Individually and in his capacity as President
Louisiana State University System;
WILLIAM J. NUNEZ, III, Individually and in his capacity as
Chancellor Louisiana State University at Eunice;
STEPHEN R. GUEMPEL, Individually and in his capacity as
Vice-Chancellor for Academic Affairs
Louisiana State University at Eunice;
THERESA A. DEBECHE, Individually and in her capacity as Head,
Division of Nursing and Allied Health
Louisiana State University at Eunice;
JACKIE BUSH, Individually and in her capacity as Former Program
Director of Respiratory Care
Louisiana State University at Eunice,

Defendants/Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
District Court Cause No. 02-CV-382

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

This appeal arises from the district court's dismissal of

---

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

the appellant's Title VII employment discrimination claims.  In
his complaint, the appellant, Brij M. Janmeja, alleged that the
appellees, Louisiana State University at Eunice, et al.,
discriminated against him based on his race by denying him
adequate pay increases.  The appellees moved to dismiss the
appellant's claims on grounds the claims were time-barred.  In
the alternative, the appellees moved for summary judgment.  After
considering the motion, the district court found the appellant's
claims were time-barred and dismissed the appellant's claims.
The appellant challenges that action in this appeal.

## Standard of Review

This Court reviews the district court's dismissal under Rule
12(b)(6) *de novo* and therefore applies the same rules as the
district court.[2]  In considering a motion to dismiss, the
district court must accept the allegations presented by the
plaintiff as true and determine whether those allegations state a
claim for which relief can be granted.[3]  The court will grant a
motion to dismiss only when it appears the plaintiff can prove no
set of facts in support of his claim that would entitle him to

---

[2]*See Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996);
*Eason v. Holt*, 73 F.3d 600, 601 (5th Cir. 1996).

[3]*See Rankin v. City of Wichita Falls, Tex.*, 762 F.2d 444,
446 (5th Cir. 1985).

relief.[4]  When matters outside the pleadings are presented to the court and not excluded, the court must treat the motion as one seeking summary judgment and must give the opposing party the opportunity to present summary judgment evidence in opposition.[5]

In this case, the district court relied on a document outside the pleadings-specifically, a copy of the appellant's EEOC charge.  The district court, however, extended the time for discovery and did not dismiss the appellant's claims until months after the discovery deadline passed.  As a result, this Court will uphold the dismissal of the appellant's claims so long as no genuine issue of material fact exists about whether the appellant's claims are time-barred.[6]

### Whether the Appellant's Claims Are Time-Barred

The district court determined the appellant's claims are time-barred because the appellant complained about conduct that did not occur within the 300 days preceding the filing of the appellant's EEOC charge.  In his first issue, the appellant maintains the district court erred in dismissing his claims because the date shown on his EEOC complaint is not the actual date he filed his charge.  Although his EEOC charge is dated

---

[4]*See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[5]*See* FED. R. CIV. P. 12(b).

[6]*See* FED. R. CIV. P. 56.

August 9, 2001, the appellant contends he actually filed his charge on April 25, 2000. To support that claim, the appellant relies on a letter and answers to an EEOC questionnaire that he purportedly sent to the EEOC on April 22, 2000 and that were received by the EEOC on April 25, 2000.

Generally, a Title VII plaintiff must file a charge with the EEOC within a certain time frame after the alleged conduct.[7] In a deferral state like Louisiana where the appellant's lawsuit was filed, a plaintiff must file his charge within 300 days of the complained-of conduct.[8] As a result, the plaintiff must file his charge with the EEOC within 300 days of the alleged discriminatory conduct.

In his complaint, the appellant complained about conduct that occurred outside of the 300-day filing period. Specifically, the appellant complained about a comment made in a performance evaluation dated May 19, 1999; a March 9, 2000 email allegedly referring to him as a disgruntled faulty member; and a March 13, 2000 meeting in which he maintains he was harassed. None of these events occurred within the 300 days preceding the date reflected on the appellant's EEOC charge-i.e, August 9, 2001. As a result, no question exists about whether the appellant's claims are time-barred.

---

[7]*See* 42 U.S.C § 2000e-5(e)(1).

[8]*See id.*

Although the appellant maintains he actually filed his charge on April 25, 2000, he presented this argument to the district court after the district court dismissed his claims. Instead of raising the issue in his response to the appellees' motion, the appellant raised the argument in a motion for reconsideration of the dismissal of his claims. In considering the motion for reconsideration, the district court observed the appellant failed to present the argument earlier, and failed to explain the 16-month gap between his April 22, 2000 letter and the date of his EEOC charge. To clarify the issue, the district court requested additional briefing. In response to the request, the appellant still failed to explain why he did not raise the argument earlier, but suggested additional discovery was required. After considering that subtle suggestion, the district court determined the appellant had not been diligent in seeking additional discovery and denied the appellant's motion for reconsideration. To the extent the appellant challenges that determination on appeal, this Court agrees with the district court's assessment.

Although problems with limitations were apparent from the face of the plaintiff's complaint, the appellees placed the appellant on notice that they intended to challenge the timeliness of the appellant's claims in their answer. In particular, the appellees answered that the appellant's "Title VII claims arising more that 300 days prior to his EEOC charge

5

are also time-barred/ prescribed." The appellees raised the issue again in the parties' Rule 26(f) report. In that report, the appellees maintained the appellant's "claims occurred outside of the applicable statutory limitations and/or prescriptive periods." The appellees then moved to dismiss the appellant's claim based on limitations period. Oddly enough, the appellant did not address the timeliness of his claims in his response to the motion to dismiss.

The district court, however, denied the motion initially because there was no evidence in the record the appellant had exhausted his administrative remedies and ordered the attorneys to file documentation showing the appellant had exhausted his administrative remedies. After *the appellees* presented the appellant's right to sue letter, the district court reconsidered the motion and dismissed the appellant's claims. Under these circumstances, a plaintiff does not act with diligence in seeking additional discovery. As a result, the district court properly denied the motion for reconsideration.

**Whether the Continuing Tort Doctrine Applies**

In his second issue, the appellant contends the EEOC time limit should not be applied to his claims because of the continuing tort doctrine. "The continuing violation theory relieves a plaintiff of establishing that all of the complained-of conduct occurred within the actionable period if the plaintiff

6

can show a series of related acts, one or more of which falls within the limitations period."[9] None of the conduct that the appellant complains about, however, occurred within the limitations period. As a result, the continuing violation doctrine does not apply.

## Conclusion

To survive the appellees' motion, the appellant was required to submit evidence that raised a genuine issue of material fact about whether his claims were time-barred. The appellant, however, failed to present such evidence. Instead of presenting competent summary-judgment evidence, the appellant presented a copy of a letter that he purportedly sent to the EEOC. Notably, the letter was not supported by any indicia of reliability. Even though competent evidence may exist that the appellant initiated a charge with the EEOC on April 25, 2000, the appellant did not present that evidence to the district court. As a result, the district court properly found that no question exists about whether the appellant's claims are time-barred. Because the conduct the appellant complained about is time-barred, the continuing tort doctrine does not apply to the appellant's claims. Because the appellant's claims are time-barred, this Court AFFIRMS the judgment of the district court dismissing the

---

[9]*Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 351 (5th Cir. 2001).

appellant's claims and denying the motion for reconsideration.

AFFIRMED.