# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2011

No. 11-30267
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL R. MURRAY,

Plaintiff – Appellant

v.

STATE OF LOUISIANA-DIVISION OF ADMINISTRATION-OFFICE OF
PLANNING AND BUDGET; RAY STOCKSTILL,

Defendants – Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-254

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Michael Murray appeals the district court's grant of summary judgment in favor of Defendants–Appellees on his Title VII retaliation claim. We conclude that Murray failed to establish a prima facie case of retaliation, and therefore AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30267

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael R. Murray began working for the State of Louisiana in its Office of Planning and Budget ("OPB") in 1979. In 2000, a co-worker named Ann Bland complained that OPB had discriminated against her on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964. Bland's complaint resulted in an investigation by the Louisiana Division of Administration's Office of Human Resources, which interviewed Murray in connection with Bland's complaint in July 2000. Murray also testified at a related hearing in July 2001. In both instances, he spoke in support of Bland's complaint.

On August 30, 2006, Murray filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Murray stated in his charge that beginning in 2000, after he supported Bland's complaint, he was subject to retaliation in the form of consistently poor ratings on his annual Performance Planning and Reviews ("PPRs"). As a result, Murray alleged that he had been denied merit-based pay raises, consideration for promotions, bonuses, and opportunities to obtain other employment.

After receiving his Notice of Right to Sue from the EEOC, Murray filed this suit against OPB and Ray Stockstill, OPB's State Budget Director (together, "Defendants"). In his complaint, Murray alleged numerous claims of discrimination, retaliation, and other violations of rights. Defendants moved for summary judgment on all of Murray's claims. The district court adopted the report and recommendation of the magistrate judge, and granted the motion over Murray's objection. Murray appeals only as to his claim for retaliation under Title VII, 42 U.S.C. § 2000e–3(a).

## DISCUSSION

We review the grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party. *Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 786 (5th Cir. 2010). Summary judgment is proper "if the movant

No. 11-30267

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A plaintiff establishes a *prima facie* case for unlawful retaliation under 42 U.S.C. § 2000e–3(a) by showing: "(i) he engaged in a protected activity, (ii) an adverse employment action occurred, and (iii) there was a causal link between the protected activity and the adverse employment action." *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 129 (5th Cir. 2011). Summary judgment in favor of the defendant is appropriate if the plaintiff cannot support all three elements. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).

Murray satisfied the first element by participating in the Title VII investigation in 2000, an activity protected under Title VII. *See* 42 U.S.C. § 2000e–3(a) (defining "protected activity" to include making a charge, testifying, assisting, or participating in any manner in a Title VII investigation, proceeding, or hearing). Murray argues, and Defendants do not contest, that he also satisfied the second element by showing that an adverse employment action occurred within three hundred days of the filing of his EEOC complaint.[1] Murray complains of the following actions that occurred during this statutory period: denial of a $1500 bonus given to OPB staff for "extraordinary work" related to Hurricanes Katrina and Rita in August 2006; denial of a promotion to State Budget Manager in January 2006; and two negative PPRs resulting in denial of merit pay raises. Assuming *arguendo* that all of these actions

---

[1] We consider only those adverse employment actions that occurred on or after November 4, 2005, the date three hundred days before Murray filed his charge of discrimination on August 30, 2006. *See* 42 U.S.C. § 2000e–5(e)(1); *Janmeja v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 96 F. App'x 212, 214 (5th Cir. 2004) (in a "deferral state" like Louisiana, a plaintiff must file his charge within three hundred days of the complained-of conduct, rather than within the one hundred eighty days that would otherwise apply). To the extent that Murray argues that we should consider discrete employment actions as far back as 2000 under the "continuing violation" doctrine applicable to hostile work environment claims, the Supreme Court has rejected this argument. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

constitute actionable adverse employment actions,[2] Murray is unable to show that there was a causal link between his protected activity and these actions and thus fails to establish the third element of a *prima facie* case of retaliation.

The record establishes that Ann Bland was Murray's direct supervisor during the three hundred days prior to the filing of his EEOC charge. In her role as Murray's supervisor, Bland gave Murray the poor ratings in his PPRs, and was thereby directly responsible for the denial of Murray's merit raises. Murray directs the court's attention to multiple affidavits from former co-workers that counter some of the negative evaluations in his PPRs. Although this evidence certainly raises doubts as to Bland's evaluation of Murray's work performance, it fails to create a genuine issue of material fact as to retaliatory animus. Murray himself admitted in his deposition that Bland's conduct could not have been retaliatory given that the "protected activity" underlying Murray's retaliation claim was his support for Bland in her Title VII complaint against OPB.

Murray also alleges that his poor PPRs resulted in his failure to obtain promotions, bonuses, and opportunities for other employment. To the extent that Murray argues that these adverse employment actions are attributable to Ray Stockstill, rather than to the poor PPR ratings he received from Bland, he does not provide any evidence that Stockstill's actions were taken in retaliation for Murray's protected activity back in 2000. Several of the affidavits contain

---

[2] An "adverse employment action" is one that "a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted). Although it is clearly established that the denial of a promotion is an actionable adverse employment action, *see, e.g., Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007), it is less clear whether a negative evaluation such as Murray's PPRs or the denial of a bonus constitute actionable adverse employment actions. Given the Defendants' failure to brief this issue and the unnecessariness of addressing this second element, we decline to answer those questions here.

No. 11-30267

attestations that Stockstill made negative comments about Murray during management meetings. While this evidence certainly paints a picture of Stockstill's dislike for Murray, it does not shed any light on the reason for this dislike and therefore does not create a genuine issue of material fact as to whether Stockstill's alleged actions were in retaliation for Murray's participation in the 2000 investigation.

## CONCLUSION

Murray has failed to provide sufficient evidence to establish a prima facie case for unlawful retaliation. The district court therefore properly granted summary judgment in Defendants' favor. AFFIRMED.