# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51348
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2015

Lyle W. Cayce
Clerk

VAN JOHNSON,

Plaintiff - Appellant

v.

ROBERT A. MCDONALD, Secretary of Veterans Affairs,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC: 5:14-CV-368

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

In 2011, Van Johnson's performance evaluation rated him "fully successful," two steps below the "outstanding" rating he received in 2010. Johnson claims the two-step drop was retaliation for a discrimination claim he settled in 2009. Both the Equal Employment Opportunity Commission ("EEOC") and district court dismissed Johnson's Title VII retaliation claim, 42 U.S.C. § 2000e-3(a). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51348

## BACKGROUND

In 2009, Johnson filed the first of two complaints with the EEOC. The complaint alleged that Johnson's supervisor, Dr. Kimberly Summers reassigned duties from two white female employees to Johnson who is an African-American male. Accordingly, Johnson claimed that the reassignments constituted race and gender discrimination. On December 16, 2009, Johnson and his employer, the U.S. Department of Veterans Affairs ("VA"), settled the complaint. Under the agreement, the Agency agreed to relieve Johnson of the added responsibilities in exchange for Johnson dropping his complaint.

On November 16, 2011, almost two years after the settlement, Johnson received his yearly performance evaluation. The evaluation criticized Johnson for shirking responsibilities that were the center of the 2009 complaint and settlement. As a result, Johnson's immediate supervisor gave him a "fully successful" rating, two steps below the "outstanding" rating he received in 2010. After Johnson pointed out that the evaluation faulted him for abandoning responsibilities that in fact were not his, Johnson's immediate supervisor recommended rating him "outstanding." His supervisor's supervisor, Dr. Summers, allegedly refused to approve the better rating.

This resulted in Johnson's second EEOC complaint. This time, in addition to alleging race and gender discrimination, Johnson asserted that Dr. Summers refused to approve a higher rating as retaliation for the 2009 complaint. Johnson alleges that the lower rating cost him a bonus and jeopardized prospective promotions. The complaint was later amended to add another retaliation claim after Johnson was again rated "fully successful" in 2012. Like the 2011 rating, Johnson asserted the 2012 rating was "due to the influence of Dr. Summers."

2

No. 14-51348

An administrative judge dismissed all of Johnson's claims. Because at least two years passed between the 2009 settlement and the "low"[1] rating, the administrative judge held that no retaliatory motive could be inferred. Johnson then filed this lawsuit in federal district court. The government immediately moved to dismiss all Johnson's claims under Rule 12(b)(6). A magistrate judge recommended granting the motion for Johnson's discrimination claims and denying it for the retaliation claims. The district court dismissed all Johnson's claims. The court held that Johnson's "low" ratings were not an adverse employment action and, therefore, Johnson had not stated a retaliation claim. Johnson now appeals only the dismissal of his retaliation claim.

## STANDARD OF REVIEW

This court reviews *de novo* a district court's dismissal under Rule 12(b)(6), accepting as true all well-pleaded facts and viewing those facts most favorably to the plaintiff. *Warren v. Chesapeake Exploration, LLC*, 759 F.3d 413, 415 (5th Cir. 2014). "To survive a [ ] motion to dismiss, plaintiff[] must plead enough facts to state a claim for relief that is plausible on its face." *Id.* (internal citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

---

[1] We have previously remarked that it is "difficult to ascribe as low a 'fully satisfactory' rating." *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 373 n.11 (5th Cir. 1998). The VA's rating system is essentially the same as the one at issue in *Douglas* and, accordingly, we do not consider Johnson's "fully successful" rating low. It is only "low" relative to Johnson's 2010 rating.

3

No. 14-51348

## DISCUSSION

Title VII imposes liability for retaliation against individuals who invoke its protections. 42 U.S.C. § 2000e-3(a). Retaliation claims have three elements: (1) the employee must engage in activity protected by Title VII, (2) the employer must take an adverse employment action against the employee, and (3) there must be a causal connection between that protected activity and the adverse employment action. *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998). Johnson has not sufficiently pleaded facts that support the second and third elements.

Johnson's brief asserts that as a result of being rated "fully successful" he was denied bonuses and promotions, which amounts to an adverse employment action. Johnson recognizes that this court has held a low performance evaluation alone is not an adverse employment action, *Douglas*, 144 F.3d at 373 n.11, but invites us to resolve a question we have previously left unanswered—whether a low evaluation coupled with other tangible effects (like denial of a bonus) is an adverse employment action. *Murray v. La.-Div. of Admin. Office of Planning & Budget*, 439 F. App'x 349, 351 (5th Cir. 2011) (unpublished). We decline Johnson's invitation.

Even assuming that a low evaluation coupled with other tangible effects is an adverse employment action, Johnson's complaint is unspecific on what— if any—effect the "low" ratings had. It baldly asserts that the "low" rating resulted in loss of "performance awards" and had a "negative impact on [his] ability to be promoted." The only *fact* supporting these allegations is that in 2010, when Johnson was rated "outstanding," he received a bonus. But that says nothing about Johnson's entitlement to an award in 2011 or 2012. There is no indication that performance pay is automatic upon achieving a specified rating. Nor does Johnson allege that individuals who were rated "outstanding" in those years received bonuses. Consequently, Johnson's allegation that he

was denied performance pay is speculative at best.  Likewise, Johnson does not allege *any* facts suggesting that he was or will be denied promotions based on these ratings.

Johnson also has not shown there is a causal connection between the 2009 settlement and the "low" ratings.  Johnson would have us infer a causal connection from the fact that Dr. Summers originally suggested the reassignment that formed the basis of the 2009 complaint and subsequently refused to approve an increased rating.  Yet according to Johnson's own EEOC testimony, the 2009 activity "did not involve Dr. Summers."[2]  The 2009 complaint was actually lodged against a different doctor who had supervisory responsibility, Dr. Melby.  And it was Dr. Melby, not Dr. Summers, who signed the 2009 settlement.  These facts suggest that Dr. Summers was likely oblivious to Johnson's 2009 complaint and negates any retaliatory motive on her part. *See Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003) ("We have determined that, in order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity.")  Even if Dr. Summers knew about the 2009 complaint, the nearly two year gap between the settlement and alleged retaliation also refutes any causal link between the two events. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-274, 121 S. Ct. 1508, 1511 (2001) (holding that a 20-month gap between protected activity and adverse employment action is insufficient evidence of causality).

---

[2] This statement comes from the administrative judge's opinion, which the government attached to its motion to dismiss.  " 'Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.' " *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  Both requirements are met here.  Accordingly, Johnson's EEOC complaint is part of his pleadings and may be considered in resolving this appeal.

No. 14-51348

## CONCLUSION

Because Johnson's complaint does not allege sufficient facts to support his retaliation claim, we **AFFIRM**.